IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MACNEIL IP LLC, an Illinois Limited Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) ) | |
| FEDEX CORP., a Delaware Corporation, | ) ) ) ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff MacNeil IP LLC ("MacNeil"), by and through its undersigned counsel, and for its Complaint against Defendant, FedEx Corporation ("FedEx") alleges as follows:

### Nature of the Action

1.  This is an action against Defendant for patent infringement.

### Parties

2.  MacNeil is an Illinois limited liability company with a principal place of business located at 1 MacNeil Court, Bolingbrook, Illinois.

3.  Upon information and belief, Defendant FedEx is a Delaware corporation with its principal place of business located in Memphis, Tennessee.

### Jurisdiction and Venue

4.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338 because MacNeil's claims arise under the laws of the United States.

5. This Court has personal jurisdiction over Defendant because it transacts business in this District by, on information and belief, using, offering to sell and selling products, including the "Do Not Stack" paper sticker, to customers in this district.

6. Venue is proper in this District under 28 U.S.C §1391(b) and (d) and §1400(b) because Defendant is subject to personal jurisdiction in, do business in and has committed acts of infringement in this District and has systemic and continuous business connections and contacts with this District.

**Factual Background**

7. On June 23, 1998, the United States Patent and Trademark Office granted U.S. Patent No. 5,769,598 ("the '598 Patent") entitled Antistacking Warning Device and Stacking Damage Detector and naming David F. MacNeil as the inventor. A true and accurate copy of this valid and duly issued '598 Patent is attached as Exhibit 1.

8. As of April 13, 2010, MacNeil became the owner by assignment of all legal rights, title and interest in and to the '598 Patent.

9. Upon information and belief, FedEx manufactures and uses a "Do Not Stack" paper sticker (hereinafter, the "Infringing Product") and offers for sale and sells the Infringing Product to its distributors, resellers, and end-users.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,769,598**

10. MacNeil restates and realleges Paragraphs 1 through 9 as if fully set forth herein.

11. Upon information and belief, without the consent of MacNeil, Defendant has made, used, sold and/or offered for sale the Infringing Product which directly infringes, either literally or through the doctrine of equivalents, at least claim 1 of the '598 Patent. *See* Exhibit 1.

12. Upon information and belief, without the consent of MacNeil, Defendant has committed acts that constitute inducement of infringement of at least one claim of the '598 Patent by others through its acts of making, selling and/or offering to sale the Infringing Product.

13. As a direct and proximate result of Defendant's direct infringement and/or inducement to infringe the '598 Patent, MacNeil has suffered and will continue to suffer irreparable injury, and damages in an amount not yet determined, for which MacNeil is entitled to relief.

14. Upon information and belief, Defendant's direct infringement, indirect infringement and/or inducement to infringe the '598 Patent has been and continues to be willful and deliberate.

15. WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendant as follows:

    A. Enter judgment that Defendant has directly infringed the '598 patent;

    B. Enter judgment that Defendant has induced others to infringe the '598 patent;

    C. Enter judgment that Defendant has willfully infringed the '598 patent;

    D. Enter judgment that this case is found to be an "exceptional case" under 35 U.S.C. § 285;

    E. Enter a permanent injunction, pursuant to 35 U.S.C. § 283, restraining and enjoining Defendant and its respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendant from any further sales of the Infringing Products and any other infringement of the '598 patent, whether direct or indirect;

    F. Enter judgment ordering Defendant to compensate MacNeil for Defendant's infringement of the '598 patent pursuant to 35 U.S.C. § 284;

G. Enter a judgment ordering Defendant to pay enhanced damages pursuant to 35 U.S.C. § 284;

H. Enter a judgment for an award of pre-judgment and post-judgment interest and costs to MacNeil pursuant to 35 U.S.C. § 284;

I. Enter a judgment for an award of MacNeil's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

J. Enter a permanent injunction pursuant to 35 U.S.C. § 283, restraining and enjoining Defendant and their respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendant, from offering for sale or selling the Infringing Products, and requiring destruction of all molds and tooling related to the Infringing Products; and

K. Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## JURY DEMAND

MacNeil demands a trial by jury on all issues so triable.

Respectfully submitted,

MACNEIL IP LLC,

Dated: April 5, 2016     By:     /s/ Timothy M. Schaum
                                 One of Its Attorneys

Timothy M. Schaum
*tschaum@daspinaument.com*
DASPIN & AUMENT, LLP
227 West Monroe
Suite 3500
Chicago, Illinois 60606
(312)258-1600

Case: 1:16-cv-04029 Document #: 1 Filed: 04/05/16 Page 5 of 5 PageID #:5

-5-